(8 Misc. Rep. 320.)

### HELFRICH v. JOHN HANCOCK MUT. LIFE INS. CO.

(Common Pleas of New York City and County, General Term.    May 7, 1894.)

INSURANCE—CHANGE OF BENEFICIARY.
  Where the beneficiary in a policy is changed on the application of the insured, who asks that the change be made, "provided" the original beneficiary "does not claim," such change is subject to the rights of the original beneficiary, and, unless he is dead, or his claim has been released or barred by limitation, the new beneficiary cannot recover on the policy.

Appeal from seventh district court.

Action by Charles Helfrich against the John Hancock Mutual Life Insurance Company on a policy of life insurance.    A judgment was rendered in favor of the plaintiff on a trial by the justice without a jury, and defendant appeals.    Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Leonard J. Langbein, for appellant.

Joseph Steiner, for respondent.

GIEGERICH, J.    This action was brought upon a policy of insurance taken out by one Katherina Maierhofer upon her own life, in favor of her husband, for the sum of $100, payable at her death. The answer was a general denial; that plaintiff was not the real party in interest; and that the title of the plaintiff to the policy was void, under the statute against the wagering of policies of insurance.    The facts appearing from the evidence are that the insured, wishing to change the beneficiary under the policy in suit,

applied to the agent who collected the premiums, telling him to have the change made; that the agent advised her that no such change could be made unless she obtained a release from her husband. Thereupon, she told him she did not know exactly where her husband was at that time. It then appears that the agent filled out the ordinary application for the change of a beneficiary in favor of the plaintiff, absolutely, but the company refused to accept it. Another application was then made out at the office of the defendant, and was left with the insured to be signed. After keeping it two weeks, she signed it on October 31, 1892, and delivered it to the agent. This application contains the following request, addressed to the defendant company: "Please make policy No. 337,355B, on my life, for the benefit of Charles Helfrich, my friend, * * * provided my husband does not claim." Plaintiff's counsel, in his brief, claims that this instrument has been tampered with. No such claim was made upon the trial, and cannot, therefore, be asserted upon appeal. On the 18th day of November, 1892, an assistant superintendent of the defendant wrote the following postal card to the insured, viz.:

"New York Branch, John Hancock Mutual Life Insurance Company, of Boston, Mass.

"28 Union Square, New York, Nov. 18, 1892.

"Mrs. Catherine Marhofer—Dear Madam: The beneficiary of your policy has been changed over to Charles Helfrich. Please pay collector when he calls next week, and oblige.

"[Signed]                          J. Woodruff, Asst. Supt.

"28 Union Square, N. Y."

The respondent claims that this operated as a change of beneficiary. Even if we concede, for argument's sake, that the husband's interest in the policy is not irrevocable, and that Woodruff was authorized by the company to change the beneficiary (which is disputed by the defendant), still the statement of Woodruff that the beneficiary had been changed must be read in connection with the application for such change, which was expressly made subject to the rights of the husband and which, in effect, was, if he "does not claim," then the plaintiff is to be the beneficiary. As it has not been shown that the husband has released his claim, or that he is dead, or that his claim has been barred by the statute of limitations, the plaintiff, even under this view of the case, has wholly failed to establish any title to the subject-matter of the action. The motion to dismiss the complaint made by the defendant when the plaintiff rested, and renewed at the close of the case, should therefore have been granted. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.